**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHERMAN E. GIBBS,

Defendant-Appellant.

No. 07-3281
(D.C. No. 06-CR-10231-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Sherman E. Gibbs pled guilty to one count of possession with intent to

distribute cocaine. As part of his plea agreement, Mr. Gibbs waived his right to

appeal from his conviction, sentence, and any other matter in connection with his

prosecution. Nevertheless, Mr. Gibbs filed a notice of appeal that he would be

challenging his conviction and sentence, as well as all other adverse rulings. The

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

government has filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).[1]  We grant the motion and dismiss the appeal.

## I.  Background

On February 26, 2007, Mr. Gibbs entered his guilty plea.  His plea agreement stated that he was "knowingly and voluntarily waiv[ing] any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."  Mot., Attach. A at 5, ¶10.  Because Mr. Gibbs had a prior felony drug conviction and a prior misdemeanor drug conviction that resulted in a sentence of longer than one year, he was considered a career offender.  A presentence investigation report (PIR) was prepared, which indicated that Mr. Gibbs' total offense level was 31 with a criminal history category of VI,6 resulting in an advisory guidelines range of 188 to 235 months.

On May 22, prior to sentencing, Mr. Gibbs filed a motion to set aside his guilty plea, arguing that his counsel had provided him with incorrect information

---

[1]  When the government filed its motion, the 2007 version of 10th Cir. R. 27.2(A)(3) applied, which required that a motion to enforce a plea waiver be filed within fifteen days after the notice of appeal was filed.  The prior version of Rule 27.2 did allow for a motion to be filed out of time upon a showing of good cause.  The government notes that it did not file its motion within fifteen days of the filing of the notice of appeal because it was waiting for the necessary transcripts to become available, including the sentencing hearing transcript.  That transcript became available on December 11, 2007, and the government filed its motion on December 13.  Accordingly, we conclude that there was good cause for the government's late filing.

that his misdemeanor conviction would not result in a career offender classification. The district court denied the motion to set aside the guilty plea, stating the following:

> Taking all of the foregoing factors into account, the court concludes the motion to withdraw the plea of guilty should be denied. Although it is undisputed that counsel incorrectly advised the defendant that he would not qualify as a career offender, the court made clear to the defendant before he pled guilty–and the defendant clearly understood–that it was up to the court alone to make the sentencing determination, that his counsel had no authority to make any promises as to what his sentence would be, that a plea of guilty could subject him to a maximum possible punishment of forty years' imprisonment, and that he would not have the right to withdraw his plea of guilty if the court imposed a sentence with which he did not agree. The defendant also clearly understood the provisions of his plea agreement and knew there was no promise therein as to what advisory guideline range would apply at sentencing. Despite knowing all these things, the defendant represented under oath that he wanted to plead guilty, that he was voluntarily doing so because he was guilty of the offense, and that he was prepared to accept any punishment permitted by law that the court saw fit to impose. Although the defendant did not delay in filing his motion, and the potential inconvenience or prejudice from withdrawal of the plea would be considered modest, the court is not persuaded that the balance of factors weighs in favor of allowing withdrawal. Taken together, the court concludes that the circumstances do not show a fair and just reason for withdrawal of the plea of guilty.

*Id*., Attach. E at 10-11.

Mr. Gibbs then objected to the PIR, asserting that he was not a career offender. He also filed a sentencing memorandum arguing that a sentence within the guidelines range was too harsh and would result in unjust sentencing disparity. He requested that the district court sentence him to 60 months in

prison. At the sentencing hearing, the district court considered Mr. Gibbs' objection to the PIR and his sentencing memorandum. The court concluded, however, that Mr. Gibbs was a career offender and denied his request for a sentencing variance. The court sentenced Mr. Gibbs to 188 months in prison, the low end of the advisory guidelines range. Mr. Gibbs filed a timely notice of appeal.

## II. Discussion

Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. Mr. Gibbs contends that his appeal does not fall within the scope of his appellate waiver, that his waiver was not knowing and voluntary, and that enforcing the waiver would result in a miscarriage of justice.

### A. Scope of the Waiver

Mr. Gibbs argues that his appeal does not fall within the scope of the waiver of his appellate rights because the waiver provision does not preclude an appeal from the denial of a motion to withdraw a guilty plea filed and heard prior to sentencing. We disagree. The language of the appeal waiver is broad and states that Mr. Gibbs is "waiv[ing] any right to appeal . . . any matter in connection with this prosecution, conviction and sentence." Mot., Attach. A at 5,

¶10. We have held that "'an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of [an appeal] waiver provision.'" *United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (quoting *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001)). Accordingly, Mr. Gibbs' appeal falls within the scope of his appellate waiver.

B. <u>Whether the Waiver was Knowing and Voluntary</u>

In determining whether an appellate waiver is knowing and voluntary, we first "examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and second, whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. The plea agreement signed by Mr. Gibbs states that he is "knowingly and voluntarily waiv[ing] any right to appeal . . . any matter in connection with this prosecution, conviction and sentence." Mot., Attach. A at 5, ¶10. And during the plea colloquy, when the district court specifically addressed the appeal waiver, Mr. Gibbs acknowledged that he understood that by pleading guilty he was waiving all of the arguments he had previously made in his pretrial motions, and that he was giving up his right to challenge his conviction on appeal. *Id.*, Attach. B. at 7-8.

Mr. Gibbs bears the burden of providing "support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Hahn*, 359 F.3d at

1329.  To do this, he must "present evidence from the record establishing that he did not understand the waiver."  *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).  In support of his argument that he did not knowingly and voluntarily waive his appellate rights, Mr. Gibbs makes the conclusory statement that "[a] review of the plea agreement and the waiver provisions and the colloquy with the Court shows there was no knowing and voluntary waiver of Mr. Gibbs' right to appeal the denial of his motion to withdraw his guilty plea."  Resp. at 10-11.  This statement is insufficient to meet Mr. Gibbs' burden to establish that his waiver was not knowing and voluntary.  He has failed to produce any "evidence from the record establishing that he did not understand the waiver." *Edgar*, 348 F.3d at 872-873.

C.  Miscarriage of Justice and the Waiver

We will enforce an appellate waiver unless we find that enforcement "would constitute a miscarriage of justice."  *Hahn*, 359 F.3d at 1329.  The miscarriage of justice prong requires defendant to show:  (1) his sentence relied on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid; (3) his sentence exceeded the statutory maximum; or (4) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* at 1327 (quotation omitted).  Mr. Gibbs argues the second and fourth of these requirements, maintaining that he received

-6-

ineffective assistance of counsel in connection with the negotiation of his appeal waiver and that the waiver is otherwise unlawful.

1)  *Ineffective Assistance of Counsel*

In its order denying Mr. Gibbs' request to set aside his guilty plea, the district court noted that defense counsel had admitted that "he misadvised [Mr. Gibbs] that he did not qualify for a career offender enhancement based [on] a lack of knowledge of the applicable definition of 'felony.'"  Mot., Attach. E at 7.  Mr. Gibbs argues that this constitutes ineffective assistance of counsel because "[c]learly, [he] would not have pled guilty, if he had known that the prior misdemeanor would make him a career offender and increase his sentence from 60 months to 188 months."  Resp. at 13.

Mr. Gibbs' response to the motion to enforce clearly alleges ineffective assistance of counsel in connection with the appeal waiver.  But this appeal is not the proper vehicle for that challenge, and we decline to reach the merits of the claim.  Such a claim must be raised by motion under 28 U.S.C. § 2255 rather than by appeal, and "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citing *Hahn*, 359 F.3d at 1327 n.13); *see also United States v. Edgar*, 348 F.3d at 869 (stating that we have followed practice of requiring that ineffective-assistance-of-counsel claims be brought in collateral proceeding, "even when the issues on direct appeal are

sufficiently developed for us to pass judgment, reasoning that we benefit from the views of the district court regarding such claims"). We note that Mr. Gibbs's plea agreement also waived collateral review, but that waiver will not bar an ineffective assistance claim relating to negotiations leading to the waiver itself. *See United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001).

2) *Waiver is Otherwise Unlawful*

Mr. Gibbs argues that his waiver is otherwise unlawful because he "did not receive the concession that he bargained for based upon erroneous advice of counsel." Resp. at 14. This is not an accurate representation of the record because Mr. Gibbs was never guaranteed that he would receive the 60-month statutory minimum sentence in exchange for agreeing to plead guilty and entering into a plea agreement that included an appellate waiver. His plea agreement sets forth the following regarding the concessions he was to receive in exchange for his guilty plea:

> In return for the defendant's plea of guilty . . . the United States Attorney for the District of Kansas agrees:
>
> a.   To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;
>
> b.   To dismiss the Information previously filed pursuant to Title 21, U.S.C. § 851;
>
> c.   To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level

reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. . . .

d.       To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

Mot., Attach. A at 2-3, ¶4. Mr. Gibbs has not argued that he failed to receive any of the above listed concessions, and there is no concession here that guarantees the length of his sentence. Accordingly, he has failed to establish that he did not receive a concession that he bargained for in exchange for giving up his appellate rights. Enforcing the appellate waiver would therefore not result in a miscarriage of justice.

The motion to enforce plea agreement is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM