**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-3195

JOSE FRANCISCO SERRANO
LEON,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CR-20127-JWL)**

---

Submitted on the motion and briefs:[*]

Tricia A. Tenpenny, Bath & Edmonds, P.A., Overland Park, Kansas, for
Defendant-Appellant.

Eric. F. Melgren, United States Attorney, Marietta Parker, Assistant United States
Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

---

Before **HENRY**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
the motion and appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.

**PER CURIAM**.

---

Defendant Jose Francisco Serrano Leon pleaded guilty to one count of aiding and abetting the interstate communication of a threat in violation of 18 U.S.C. § 875(c) and 18 U.S.C. § 2. He did so pursuant to a plea agreement that included a waiver of his right to appeal his conviction and sentence. Nevertheless, defendant has filed a notice of appeal challenging the district court's denial of his motion to withdraw his guilty plea, its upward adjustment for obstruction of justice, and its addition of two criminal history points pursuant to United States Sentencing Guideline § 4A1.1(d). The government has filed a motion to enforce the plea agreement. We grant the motion and dismiss the appeal.

I.

Defendant entered in his plea agreement on February 1, 2005. In his plea agreement, defendant stated that he:

> knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upward from the applicable sentencing guideline range determined by the court.

R. Vol. I, Doc. 51, at 6.

This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three elements are satisfied: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The government's motion to enforce addresses each of the three *Hahn* factors. Defendant opposes the motion only on the second factor: that he did not knowingly and voluntarily waive the right to appeal his guilty plea. Thus, we need not address the first and third factor. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir.) (recognizing that each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor), *cert. denied*, 126 S. Ct. 550 (2005).

Defendant's counsel filed a response to the motion to enforce stating her belief that there are no meritorious grounds upon which defendant can urge denial of the government's motion to enforce the appeal waiver. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). Under *Anders*, counsel must submit a brief to his client and this court indicating any potential grounds for appeal based on the record. *Id.* The defendant may choose to submit arguments to the court in

response. *Id.* If we conclude after a full examination of the record that the appeal is frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.* Pursuant to *Anders*, defendant's counsel stated in her brief that it was defendant's contention that his guilty plea was not made knowingly and voluntarily. Because of the possibility that this court's decision on the government's motion to enforce would be dispositive, counsel chose not to file a motion to withdraw at this time. At this court's request, defendant filed a pro se response in which he claimed that he was going through serious mental anguish at all times during the criminal proceedings against him and was not mentally competent during his guilty plea. Under *Anders*, we have conducted an independent review and examination.

## II.

"Case law makes clear that an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of [an appeal] waiver provision." *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (quotation omitted). Although the defendant in *Elliott* was not challenging the validity of his appeal waiver under any of the three exceptions recognized in *Hahn* and its precedent, *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001), that distinction does not change the conclusion that, if found to be valid following consideration of the

-4-

*Hahn* factors, the appeal waiver forecloses a defendant's appeal of a denial of a motion to withdraw the plea agreement.

We turn, then, to defendant's claim that his appeal waiver is invalid because he did not knowingly or voluntarily enter the plea agreement or its appeal waiver. On May 2, 2005, several months after entering his guilty plea and on the date scheduled for his sentencing hearing, defendant apparently attempted suicide. The sentencing hearing was postponed, and the court ordered defendant to undergo a psychiatric evaluation. In September 2005, defendant filed a motion to replace his counsel, which was granted. On January 30, 2006, almost one year after entering his guilty plea, defendant filed a motion to withdraw his plea. In this motion, defendant claimed that he had no memory of his plea hearing and was innocent. He claimed that shortly before the plea hearing, he came to believe he had HIV/AIDS because the prison corrections officer in charge of the infirmary told him so. He claimed this made him so despondent that he wished to die, and he decided to plead guilty so he could die in jail. Defendant stated he now knew he did not have HIV/AIDS and, therefore, wished to withdraw his plea.

The district court held an evidentiary hearing on the motion. After considering the evidence and addressing the factors identified by this court as relevant to the consideration of motions to withdraw guilty pleas, *see United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993), it denied the motion. The district court first found that defendant's assertion that he thought he had

HIV/AIDS at the time of the plea hearing was not credible. R. Vol. I, Doc. 82, at 6. It noted that defendant admitted that he did not attempt to confirm this information with a doctor or nurse and never told anyone in his family. *Id.* at 6-7; *see also* R. Vol. III, Doc. 94 (Plea Withdrawal Hr'g Tr.), at 6-7. The court noted that defendant did not request medication for HIV/AIDS, even though he frequently requested medications and other medical assistance in jail, and that there is no record of defendant reporting, being tested for, or seeking or obtaining treatment for HIV/AIDS while in jail. R. Vol. I, Doc. 82, at 6-7; R. Vol. III, Doc. 94, at 17-18, 24-27.

Next, the district court reviewed the results of defendant's psychiatric evaluation. It noted that one of the evaluating psychiatrists stated that defendant had reported "little in the way of believable symptomology," that defendant's answers to questions were so vague, inconsistent and useless as to be of no validity, and it was his opinion that defendant was malingering and demonstrating apparent "con-artistry." R. Vol. I, Doc. 82, at 7-9; Gov't Reply dated Dec. 4, 2006, Ex. 3 (Psychiatric Report), at 6, 7, 9, 10, 13-14. The court noted the psychiatrist's conclusion that defendant's claim to have no memory of the plea hearing was simply not credible because of the incompatibility between defendant's description of his purported memory deficits and legitimate impairment. R. Vol. I, Doc. 82, at 8; Psychiatric Report, at 13-14. The court also noted the psychiatrist's conclusion that defendant was competent at the time of

the plea hearing and was clearly competent to proceed with the case. R. Vol. I, Doc. 82, at 8; Psychiatric Report, at 13-14. The court described the findings of a second psychiatrist, who also concluded that defendant was malingering when he claimed memory deficits because defendant's answers to questions and test scores were so far below the average of moderately severe brain-damaged individuals that he believed defendant's responses were consistent with someone trying to fake impairment. R. Vol. I, Doc. 82, at 9; Psychiatric Report, at 17. This psychiatrist also concluded that defendant was competent.

The district court next reviewed defendant's plea agreement and detailed plea colloquy. Defendant acknowledged in the plea agreement that he had sufficient time to discuss the agreement with his attorney, had read the agreement, agreed it was not entered into as a result of threat, duress or coercion, and that he was entering into the agreement freely, voluntarily and because he was guilty. R. Vol. I, Doc. 51, at para. 15. Further, at the plea hearing, the district court carefully reviewed with defendant the provisions of the plea agreement and the rights that he was waiving as a result of pleading guilty. Defendant testified that he had never been treated for any mental illness or addiction to narcotics that would render him incompetent. R. Vol. II, Doc. 85 (Plea Hr'g Tr.), at 6. Defendant informed the court that he was taking insulin and Prozac, but told the court that he did not believe these drugs caused him to be unable to understand the plea agreement. *Id*. at 7. He testified that he had been able to work with his

attorney, that he and his counsel had fully discussed the guilty plea, and he was fully satisfied with his representation. *Id*. at 7-8. The charges against defendant were read aloud, the sentencing possibilities were explained to him in detail, and the terms of the plea agreement were described paragraph-by-paragraph. *Id*. at 10-11, 13-18, 19-22, 23-25.

Defendant pleaded guilty, and the court explained each of the constitutional rights he was waiving by doing so. *Id*. at 11-13. The district court explained the appellate waiver at length, defendant asked some questions and then stated that he understood and wanted to agree to this waiver. *Id*. at 25-29. Defendant stated that he was entering his guilty plea freely and voluntarily and only because he was guilty, that he had not been threatened or coerced and he had not been promised anything in order to induce his guilty plea. *Id*. at 29. He stated that he understood the charges against him, was admitting his guilt, and had committed the acts set forth in the plea agreement. *Id*. at 13. He informed the court that he understood the range of punishment that was applicable and how the sentence would be determined. *Id*. at 13-15, 15-17, 23-25. Further, he informed the court that he understood the consequences of entering a plea, including his waiver of various constitutional rights, and the waiver of his right to appeal or collaterally attack the sentence imposed. *Id*. at 11-13, 25-28.

Before ruling on defendant's motion to withdraw his plea agreement, the district court also considered defendant's assertion that he was innocent of the

charged offense. It noted defendant's admissions that he had intentionally fabricated a false death threat against two police officers by a third-party, knowing that there was no such threat, with the intention of incriminating the third-party. Because defendant admitted all of the elements of the charged offense and did not provide any evidence supporting a cognizable defense, the district court rejected his claim of actual innocence. Accordingly, the district court found that defendant had competently, knowingly and voluntarily entered into his plea agreement and it denied defendant's motion to withdraw the plea.

## III.

In making the determination of whether defendant's waiver of his right to appeal his conviction was knowingly and voluntarily made, we consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there was "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Defendant bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id*. at 1329 (quotation omitted). Defendant fails to meet his burden.

As noted above, the plea agreement fully set forth the factual basis for the plea, and it included a broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." R. Vol. I, Doc. 51, at para. 10. Moreover,

also as noted above, at the plea colloquy, defendant testified that he was competently, knowingly, freely, and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Furthermore, the evidence presented at the evidentiary hearing held in connection with the motion to withdraw the plea demonstrates that the defendant was mentally competent at the time of the plea hearing, and knowingly and voluntarily entered into the plea agreement. Defendant has presented no evidence demonstrating that he did not knowingly and voluntarily enter his plea or waive his appellate rights as part of that plea. His assertion that he was having such serious mental psychological and psychiatric issues that he was rendered incompetent at the time of the plea hearing is not supported by any evidence, but rather is contradicted by the psychiatric evaluations, described above. Based on this record, we conclude that defendant knowingly and voluntarily waived his right to appeal. Therefore, defendant's appeal, including his appeal of the district court's ruling on the motion to withdraw his plea, is foreclosed by his appeal waiver. *Elliott*, 264 F.3d at 1174.

We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal. The mandate shall issue forthwith.