

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Coates

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Coates" (2007). *2007 Decisions*. Paper 979.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/979

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  06-1446

UNITED STATES OF AMERICA

v.

FREDERICK COATES
a/k/a Kruger

Frederick Coates,
Appellant

———————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 04-CR-145
District Judge: The Honorable Joy Flowers Conti

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 4, 2007

Before: SMITH, COWEN, and SILER, Circuit Judges[*]

(Filed: June 8, 2007)

———————————

[*]The Honorable Eugene E. Siler, Senior Circuit Judge of the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

OPINION

SMITH, *Circuit Judge*.

Frederick Coates agreed to plead guilty to one count of conspiring to distribute heroin in violation of 21 U.S.C. § 846 and to waive his right to appeal. The parties orally amended the indictment during the change of plea hearing to eliminate the mandatory minimum of sixty months and Coates pleaded guilty to the amended charge. The amendment was for naught, however, as the presentence report noted that Coates had two convictions which qualified as crimes of violence under U.S.S.G. § 4B1.2(a). As a result, the presentence report classified Coates as a career offender under U.S.S.G. § 4B1.1. Without the career offender enhancement, Coates's offense level was 19 and his criminal history category was IV, yielding a guideline range of 46 to 57 months. The application of the enhancement, however, increased his offense level to 32 and elevated his criminal history category to VI, resulting in a guideline range of 151 to 188 months.

Coates objected to the career offender enhancement, arguing that his reckless endangerment conviction under Pennsylvania law did not qualify as a crime of violence. The District Court rejected the argument. Thereafter, Coates

moved to withdraw his guilty plea. This motion was also rejected by the Court. At sentencing, the District Court found that Coates's enhanced criminal history overstated his past criminal conduct and imposed a sentence of 108 months, 43 months below the guideline range. Despite having waived his right to appeal, Coates appealed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. The government contends that we lack jurisdiction because of Coates's appellate waiver. In *United States v. Gwinnet*, 483 F.3d 200 (3d Cir. 2007), we clarified that "this court retains subject matter jurisdiction over the appeal by a defendant who had signed an appellate waiver." *Id.* at 203 (discussing *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001)). Thus, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Coates contends that the District Court erred in several respects. First, he alleges that the District Court improperly concluded that his reckless endangerment conviction under Pennsylvania law constituted a crime of violence, thereby allowing him to be classified as a career offender. Second, he asserts that the District Court erred by denying his motion to withdraw his guilty plea. Finally, Coates asserts that his sentence of 108 months is unreasonable. Because we

3

conclude that Coates's appellate waiver is enforceable, we will affirm his conviction.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), we concluded that the waiver of appellate rights in criminal cases does not contravene public policy. Although we instructed that such waivers must be "strictly construed," we held that "waivers of appeal, if entered into knowingly and voluntarily, are valid." *Id.* at 562.

Here, Coates's appellate waiver is broad, waiving "the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742." The plea agreement specifies that "Coates further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." If enforceable, this waiver would preclude us from reviewing not only Coates's challenge to the District Court's ruling on his motion to withdraw his plea, but also the sentencing issues raised by Coates. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (reiterating that "[c]ase law makes clear that an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of [an appeal] waiver provision") (internal quotation marks and citation omitted);

4

*United States v. Michlin*, 34 F.3d 896, 898 (2d Cir. 1994) (concluding that

knowing and voluntary waiver of appeal was enforceable and barred review of

whether the District Court erred by refusing to grant defendant's motion to

withdraw his guilty plea).

Coates does not contend that his waiver is unenforceable because it was

unknowing or involuntary.[1]  Instead, he argues that this appeal may proceed

because it falls within one of the exceptions contained in the waiver that allows

him to appeal if  the Court erroneously departed upward from the guideline range

determined by the Court under the Sentencing Guidelines.  According to Coates,

the Court erroneously departed upward by applying the career offender

enhancement and thereafter imposing its sentence pursuant to this erroneously

enhanced guideline range.

---

[1]Federal Rule of Criminal Procedure 11(b)(1)(N) provides that a district court "must address the defendant personally in open court.  During this address, the court must inform the defendant of, and determine that the defendant understands . . . (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Here, even though the government's recitation of the terms of the plea agreement included the fact that Coates agreed to waive his right to appeal, the District Court failed to comply with the mandate of Rule 11(b)(1)(N) as it at no point in time inquired whether Coates understood what the term meant.  We reiterate that "[i]n determining whether a waiver of appeal is 'knowing and voluntary, the *role* of the sentencing judge is critical." *Khattak*, 273 F.3d at 563 (emphasis added).  Yet, as we pointed out above, Coates did not dispute that his appeal waiver was knowing and voluntary.

This argument ignores the plain text of the waiver's exception. The exception set forth in the waiver does not permit Coates to raise on appeal whether the application of the career offender enhancement, which increased his guideline range, was correct. Rather, Coates may challenge his sentence only in the event that the District Court departed upward from the guideline range it determined. We cannot ignore that the application of a career offender enhancement under U.S.S.G. § 4B1.1 affects both the offense level and the criminal history category of the defendant. Application of the enhancement is therefore part of the process of computing the guideline range. As a result, the enhancement does not constitute a departure from the guideline range determined by the District Court. Because the District Court computed the guideline to be 151 to 188 months and because the Court did not depart upward from that range, this appeal is barred by Coates's waiver of his appeal rights.

Coates's supplemental letter to the Court argues that the District Court's error, in concluding that his Pennsylvania reckless endangerment conviction qualified as a crime of violence, constitutes a miscarriage of justice under *Khattak* that warrants invalidating the waiver. 273 F.3d at 562. We find no error in this regard inasmuch as the text of Pennsylvania's reckless endangerment statute, 18 Pa.C.S. § 2705, satisfies the definition of crime of violence in § 4B1.2(a)(2).

6

In sum, we conclude that Coates's waiver of his appeal rights is valid. For that reason, we will enforce the waiver and will affirm the judgment.