FILED
United States Court of Appeals
Tenth Circuit

January 31, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEBORAH JACKSON,

Defendant-Appellant.

No. 10-3250
(D.C. No. 2:08-CR-20150-CM-2)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL**, and **KELLY**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Deborah Jackson's plea agreement.

Ms. Jackson pleaded guilty to conspiracy to distribute methamphetamine and

using and possessing a firearm during and in furtherance of a drug trafficking

crime. Based on Ms. Jackson's two prior felony convictions for drug offenses,

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the district court sentenced her to life imprisonment on the drug conviction, which was the statutory minimum sentence, and sixty months' imprisonment on the firearms conviction, to be served consecutively. Despite her appeal waiver, Ms. Jackson seeks to appeal the denial of her motion to withdraw her guilty plea and her life sentence. We grant the government's motion to enforce the appeal waiver.

The appellate waiver in Ms. Jackson's plea agreement is extremely broad: she agreed to waive her right "to appeal or collaterally attack any matter in connection with [her] prosecution, [her] conviction, or the components of the sentence to be imposed" so long as the sentence imposed was within the guideline range determined appropriate by the court. Mot. to Enforce, Attach. 1, Plea Agrmt., at A11. After entering her plea, but prior to sentencing, Ms. Jackson obtained new counsel and moved to withdraw her guilty plea, claiming that the decision to plead guilty was made by her prior counsel and that she did not understand the consequences of her plea or how her sentence would be calculated. The district court held an evidentiary hearing and denied the motion.

In determining whether to dismiss an appeal based upon a waiver of appellate rights, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315,

1325 (10th Cir. 2004) (en banc) (per curiam). Ms. Jackson asserts that her waiver was not knowing and voluntary and enforcing it would result in a miscarriage of justice. She does not claim that the appeal falls beyond the waiver's scope. Her attempt to appeal the district court's denial of her motion to withdraw her plea does fall within the scope of the waiver. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) ("[A]n appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of an appeal waiver provision." (quotation marks omitted) (original alterations omitted)).

### *Knowing and Voluntary*

Ms. Jackson argues that the plea was not knowing and voluntary because she lacked an adequate understanding of the waiver. She does not elaborate on this argument, but merely refers generally to her testimony at the hearing on her motion to withdraw her guilty plea. Resp. at 3-4.

In evaluating whether an appellate waiver was knowing and voluntary, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. It is Ms. Jackson's burden to present evidence establishing that she did not understand the waiver. *See id.* at 1329; *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Both the plea agreement and the Rule 11 colloquy clearly set out the knowing and voluntary nature of the plea agreement and appellate waiver. *See* Plea Agrmt. at A11 (stating that Ms. Jackson knowingly and voluntarily agrees to the appeal waiver); *id.* at A13-A14 (acknowledging that Ms. Jackson read the plea agreement; discussed its terms with her attorney; understands the plea agreement and agrees it is true and accurate; the agreement is not the result of any threats, duress or coercion; and she is entering into the plea agreement because she is guilty and is doing so freely and voluntarily); Mot. to Enforce, Attach. 2, Tr. of Rule 11 Colloquy, at A28-A32 (summary of the plea agreement's provisions and Ms. Jackson's confirmation that the summary is her understanding of the plea agreement); *id.* at A23 (Ms. Jackson's confirmation that she understands that her term of imprisonment on her drug count is not less than life imprisonment because of her two prior felony drug convictions); *id.* at A36 (Ms. Jackson's confirmation that she is entering the plea freely and voluntarily and of her own free will, because she is in fact guilty of the charged offenses, and that her plea is not forced, threatened or induced by any sort of promise to her); *id.* at A40 (Ms. Jackson's confirmation that the decision to enter her guilty plea is her decision, not her attorney's); *id.* at A33-A35 (court's recitation of the appellate waiver provision and Ms. Jackson's confirmation that she reviewed the appellate waiver provision with her attorney, understands it, has not been forced or threatened into waiving her appellate rights, and is requesting the court to approve the waiver of

-4-

her own free will); *id.* at A36-A37 (Ms. Jackson's confirmation that she reviewed the plea agreement with her counsel, who informed her of its provisions and the consequences of signing it); *id.* at A40 (Ms. Jackson's confirmation that she is satisfied with the services of her attorney).

In contrast to her statements under oath during the Rule 11 Colloquy, Ms. Jackson stated at the hearing on her motion to withdraw her plea that she was not guilty of the charged offenses and that she did not plead guilty because she was guilty, but because she thought it would help in her son's criminal case and because she was told she would get a sentence of thirty years' imprisonment, not life, if she signed the plea agreement. Resp., Attach. Tr. of Mot. to Withdraw Plea Hr'g, at 9-12, 15-16, 17. She further stated that she had not reviewed the plea agreement with her attorney prior to signing it, the plea agreement was confusing to her, and she had to look at her attorney during the Rule 11 Colloquy in order to answer the court's questions. *Id.* at 9, 17, 20-21. Ms. Jackson's first attorney testified, however, that he met with Ms. Jackson five times prior to her guilty plea and that he reviewed and explained the plea agreement to her paragraph-by-paragraph. *Id.* at 63, 68-69. He testified that he told Ms. Jackson that the plea agreement was in her best interests because she would get a sentence of life imprisonment by statute unless she cooperated,[1] but he did not tell

_____

[1]     In the plea agreement, the government agreed to recommend up to a three-level reduction in the applicable offense level under U.S.S.G. § 3E1.1,

(continued...)

Ms. Jackson that her plea would help her son's criminal case and never threatened her. *Id*. at 72, 79-80. Further, he testified that Ms. Jackson did not look at him for guidance in answering the court's questions during the Rule 11 colloquy. *Id*. at 70-71. In denying her motion to withdraw her plea, the district court found that Ms. Jackson's testimony that her attorney coerced her into entering into the plea agreement and that her plea was not knowing and voluntary was not credible. *Id*. at 124-28.

We have reviewed the plea agreement, the Rule 11 colloquy, and the testimony at the hearing held on her motion to withdraw her plea, and we conclude that Ms. Jackson knowingly and voluntarily agreed to the appeal waiver in her plea agreement.

### *Miscarriage of Justice*

Ms. Jackson contends that, consistent with her testimony at the hearing on her motion to withdraw her plea, she received ineffective assistance of counsel. Ineffective assistance of counsel in connection with the negotiation of an appeal waiver can result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327. This

[1](...continued)
contingent on Ms. Jackson's continuing manifestation of acceptance of responsibility, and agreed to request the court to consider a further sentence reduction if the government determined that she had provided substantial assistance within the meaning of U.S.S.G. § 5K1.1. *See* Plea Agrmt. at A7, A9. After a year of requesting and receiving extensions of her sentencing hearing, Ms. Jackson moved to withdraw her plea and protested that she was actually innocent. Accordingly, the government did not request any U.S.S.G. § 3E1.1 or § 5K1.1 sentence reductions.

claim generally is not properly brought on direct appeal, however, because an ineffective assistance of counsel claim must ordinarily be raised in a 28 U.S.C § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Ms. Jackson acknowledges this rule, and requests that any dismissal of her appeal be without prejudice to asserting this claim in a § 2255 motion. Of course, Ms. Jackson's appeal waiver does not preclude her from bringing a § 2255 motion alleging ineffective assistance of counsel relating to the waiver itself, s*ee United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), as her plea agreement states, *see* Plea Agrmt. at A11.

The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED, without prejudice to Ms. Jackson's right to raise an ineffective assistance of counsel claim in a collateral proceeding.

ENTERED FOR THE COURT
PER CURIAM