FILED
United States Court of Appeals
Tenth Circuit

May 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ALBERTO VERASA-BARRON,

        Defendant-Appellant.

No. 13-3025
(D.C. No. 5:11-CR-40044-JAR-9)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

        This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Alberto Verasa-Barron's plea agreement. The

defendant pleaded guilty to knowingly and intentionally distributing

methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him at the bottom of the applicable advisory guidelines sentencing range to 87 months' imprisonment.

Pursuant to his plea agreement, "[t]he defendant knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with [his] prosecution, the defendant's conviction, or the components of the sentence to be imposed . . . including the length and conditions of supervised release." Attach. to Mot. to Enforce, Plea Agmt. at 14. The defendant further "knowingly waive[d] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* at 15. "In other words, the defendant waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court departs or varies upwards from the applicable sentencing guideline range determined by the court." *Id.* The plea agreement included additional exceptions to the appeal waiver language, providing that the defendant would be released from the waiver if the government appealed his sentence and stating that the defendant did not waive "any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." *Id.*

The government filed a motion to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the

defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

In his response to the government's motion, the defendant concedes that his appeal falls within the scope of the waiver. He does not argue that the waiver was not knowing and voluntary. Thus, we need not address that factor. *See United States v. Leon*, 476 F.3d 829, 831 (10th Cir. 2007) (per curiam). But the defendant does argue that enforcement of the waiver would result in a miscarriage of justice. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (quotation omitted). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (quotations omitted).

The defendant does not contend that the district court relied upon an impermissible factor, or that his sentence exceeded the statutory maximum. He argues that he received ineffective assistance of counsel in connection with the negotiation of the appeal waiver. But the defendant acknowledges that this contention should be raised in a collateral proceeding under 28 U.S.C. § 2255, rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir.

- 3 -

1995) (recognizing that, with rare exceptions, "claims of constitutionally ineffective counsel should be brought on collateral review").  "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel."  *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court  
Per Curiam
