FILED
United States Court of Appeals
Tenth Circuit

May 25, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL L. SHELTON,

     Defendant - Appellant.

No. 16-3013
(D.C. No. 6:14-CR-10198-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BRISCOE**, and **HARTZ**, Circuit Judges.
_____

     Pursuant to a plea agreement containing an appeal waiver, Michael L. Shelton

pleaded guilty to one count of being a felon in possession of a firearm in violation of

18 U.S.C. § 922(g)(1).  After entering his plea, however, he filed a motion to

suppress and sought to withdraw the plea.  The district court held a hearing on the

motions, but ultimately denied leave to withdraw the plea and denied the motion to

suppress as waived.  The court then imposed the sentence contemplated by the plea

agreement—the statutory maximum of 120 months of imprisonment.  Mr. Shelton

_____

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed.  The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

I.

*Hahn* sets forth three factors to evaluate an appeal waiver:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325. Mr. Shelton's counsel filed a response indicating that he could identify no non-frivolous ground to oppose the motion to enforce and requesting leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), and *United States v. Leon*, 476 F.3d 829, 831-32 (10th Cir. 2007).

In *Anders*, the Supreme Court held:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished that indigent and time allowed him to raise any points that he chooses; the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

386 U.S. at 744.  In *Leon*, this court applied the *Anders* procedure to a motion to enforce.  476 F.3d at 832.

Counsel's brief identifies four potential areas of concern:  (1) the denial of the motion to withdraw the guilty plea; (2) the denial of the motion to suppress; (3) whether the appeal waiver was knowing and voluntary; and (4) ineffective

2

assistance of district-court counsel.  In accordance with *Anders*, we gave Mr. Shelton an opportunity to respond.  Noting some concern about his district-court counsel's assistance, Mr. Shelton states that "[he] want[s] to keep what rights to appeal [he has] left and [he] do[es] not wish to withdraw this appeal."  Pro Se Resp. at 1.

II.

*Scope of the Waiver*.  We first evaluate whether the issues to be raised on appeal fall within the scope of the appeal waiver.  *Hahn*, 359 F.3d at 1325. Mr. Shelton's waiver is broad:  "The defendant knowingly and voluntarily waives any right to appeal or collaterally attack *any matter in connection with this prosecution, his conviction*, or the components of the sentence to be imposed herein . . . ."  Mot. to Enforce, Attach. C at 6 (emphasis added).  There are only limited exceptions, primarily relating to appeals from the sentence, as well as for claims of ineffective assistance of counsel and prosecutorial misconduct.

Mr. Shelton's notice of appeal and docketing statement indicate that he wishes to appeal from the denials of the motion to withdraw the guilty plea and the motion to suppress.  Counsel also identifies these as potential appeal issues.  But because both motions clearly qualify as "matter[s] in connection with this prosecution [and] conviction," *id.*, they fall within the scope of the waiver.  It would be frivolous to contend otherwise.  *See, e.g.*, *Leon*, 476 F.3d at 832 ("[I]f found to be valid following consideration of the *Hahn* factors, the appeal waiver forecloses a defendant's appeal of a denial of a motion to withdraw the plea agreement.").

3

Further, although the waiver explicitly excludes claims of ineffective assistance of counsel, our general practice is to entertain such claims in collateral proceedings rather than on direct review. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003). Given that the record remains undeveloped as to allegations of ineffective assistance and the district court has not decided any such claims, this appeal presents no reason to depart from the general practice.

***Knowing and Voluntary Waiver***. Next we determine whether the defendant knowingly and voluntarily waived his right to appeal. *See Hahn*, 359 F.3d at 1325. In analyzing this factor, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id*. "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013). Here, both the plea agreement and the colloquy indicate that Mr. Shelton knowingly and voluntarily accepted the appeal waiver.

The agreement's appeal waiver paragraph acknowledges that Mr. Shelton knowingly and voluntarily agreed to the waiver provisions. And the final paragraph acknowledges that Mr. Shelton "has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. . . .

4

[He] further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly." Mot. to Enforce, Attach. C at 7-8.

At the change-of-plea hearing, the court explained that Mr. Shelton did not have to plead guilty and was entitled to a trial. The court further explained that the stipulated sentence was the maximum sentence he could receive if he went to trial on the count to which he was pleading guilty. It warned Mr. Shelton that if the court accepted the plea agreement and imposed the stipulated sentence, he could not later change his mind and withdraw his plea. The court specifically discussed the appeal waiver, confirming that Mr. Shelton understood and agreed that he was waiving almost all his appeal rights. Finally, the court confirmed that Mr. Shelton was entering into the plea agreement freely and voluntarily, without any threats.

Importantly, it is the defendant's "burden to present evidence from the record establishing that he did not understand the waiver." *Edgar*, 348 F.3d at 872-73. The only record evidence favoring Mr. Shelton is his testimony at the subsequent motions hearing that he did not want to plead guilty but his lawyer persuaded him to do so. Even this testimony, however, fails to cast doubt on whether Mr. Shelton knowingly and voluntarily accepted the appeal waiver, because ultimately he admitted that in pleading guilty, he did what he thought was best with regard to a difficult choice. That he later changed his opinion as to what would be best for him does not undermine the "synergistic effect" of the plea agreement and plea colloquy. *Tanner*, 721 F.3d at 1234.

5

To the extent that Mr. Shelton's testimony might suggest a claim of ineffective assistance of counsel, as discussed above, we see no reason to depart from our general practice of considering such claims in collateral proceedings. *See Porter*, 405 F.3d at 1144 ("[The general] rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel.").

For these reasons, we see no non-frivolous argument that the waiver was not knowing or voluntary.

***Miscarriage of Justice***. Finally, we examine whether enforcing the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs when (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted).

As stated, we will defer any ineffective-assistance claims to collateral proceedings. As for the other conditions, the sentence did not exceed the statutory maximum, and nothing in our review indicates that the first or fourth conditions are relevant. The record therefore fails to support a non-frivolous argument that enforcing the waiver would result in a miscarriage of justice.

## III.

Having conducted the "full examination of all the proceedings" required by *Anders*, 386 U.S. at 744, we conclude that it is frivolous for Mr. Shelton to oppose

6

the motion to enforce. The motion to enforce is granted and this appeal is dismissed, without prejudice to Mr. Shelton raising claims of ineffective assistance of counsel in collateral proceedings. Counsel is granted leave to withdraw.

Entered for the Court
Per Curiam