**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELWYNN WYNDELL HILL, III,

Defendant - Appellant.

No. 21-6136
(D.C. No. 5:21-CR-00072-J-1)
(W.D. Okla.)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.

—————————————————————

Defendant Delwynn Wyndell Hill, III pleaded guilty to one count of being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(8). The district court sentenced Hill to a term of imprisonment of twelve months and a day, plus a three-year term of supervised release. Hill filed a timely notice of appeal, but his counsel has since filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous grounds on which Hill can appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Hill's counsel also moves to withdraw.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we agree with Hill's counsel that the record contains no non-frivolous grounds on which Hill can appeal either his conviction or sentence.  As a result, we grant counsel's motion to withdraw and dismiss the appeal.

I

On January 30, 2021, officers from the Oklahoma City Police Department (OCPD) responded to a reported domestic violence incident at an apartment complex. When the officers arrived on the scene, they observed and then made contact with a man, later identified as Hill, who was kicking the door of the apartment.  Upon questioning by the officers, Hill told them that he believed that his girlfriend was inside the apartment with another male, and that he was kicking on the apartment door to get her attention.  Hill also informed the officers that he had an active order of protection against him, but that the order of protection did involve his current girlfriend.

During the course of the encounter, Hill informed the officers that he was in possession of a firearm.  The officers recovered a firearm and a loaded six-round magazine from Hill's right jacket pocket.

Following the encounter, the officers confirmed that Hill was subject to a Final Order of Protection issued by an Oklahoma state district court, in Hill's presence, on August 21, 2018, and extending through August 21, 2023.  The Final Order of Protection found that Hill was the father of the petitioner's child.  ROA, Vol. I at 25. Although the Final Order of Protection expressly indicated that the state district court

2

made "NO FINDING OF DOMESTIC ABUSE AND/OR STALKING OF INTIMATE PARTNER OR CHILD," it nevertheless expressly prohibited Hill from injuring, abusing, sexually assaulting, molesting, harassing, stalking, threatening, or otherwise interfering with the petitioner. *Id*. at 26. The Final Order of Protection also prohibited Hill from using, attempting to use, or threatening to use physical force against the petitioner, and it prohibited him from engaging in other conduct that would place the petitioner in reasonable fear of bodily injury to herself, members of her household, or her relatives.

II

On March 16, a federal grand jury in the United States District Court for the Western District of Oklahoma indicted Hill on one count of possessing a firearm while subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). After unsuccessfully moving to dismiss the charge, Hill entered an unconditional plea of guilty to the charge, without the benefit of a written plea agreement. In his written petition to enter a plea of guilty, Hill described the actions that gave rise to the offense: "On January 30, 2021 in Oklahoma County, I knowingly possessed a firearm. At the time, I knew I was subject to protective order DO-18-1984 in Oklahoma County. The gun travelled across state lines." *Id*. at 77.

The probation office prepared a presentence investigation report (PSR) that was submitted to the district court and the parties. The PSR calculated Hill's total offense level by first applying a base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6), and then applying a two-level reduction pursuant to U.S.S.G.

3

§ 3E1.1(a) for Hill's acceptance of responsibility for the offense. The PSR then calculated Hill's criminal history score to be two and his criminal history category to be II. Together, the total offense level of 12 and the criminal history category of II resulted in an advisory Guidelines sentencing range of 12 to 18 months. Hill objected to certain factual statements in the PSR, but did not object to the PSR's calculation of his total offense level, his criminal history category, or his Guidelines sentencing range. Hill also filed a motion for downward variance, asking the district court to "fashion a sentence of time served." *Id*. at 143.

The district court sentenced Hill on October 5, 2021. At the outset of the sentencing hearing, the district court adopted the PSR's Guidelines calculations after confirming that neither party objected to those calculations. The district court denied Hill's motion for a downward variance to time served, concluding "that a more robust sentence [wa]s warranted . . . to help [Hill] better appreciate the seriousness of [his] offense" and "to protect the public from further crimes at [his] hands and to deter [him] from further criminal conduct." *Id*., Vol. III at 23. Ultimately, the district court sentenced Hill to a term of imprisonment of "12 months and one day," to be followed by a three-year term of supervised release. *Id*. at 25.

Hill, through counsel, filed a timely notice of appeal following the district court's entry of final judgment. Hill's counsel has since filed an *Anders* brief stating that this appeal presents no non-frivolous grounds for reversal. Hill's counsel has also moved to withdraw from the case.

II

*Anders* provides that

> [i]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal . . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo to determine whether there are non-frivolous grounds for appeal. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam).

Having conducted a de novo review of the record now before us, we agree with Hill's counsel that there are no non-frivolous grounds for appeal. Turning first to Hill's conviction, Hill's written plea statement conceded all of the essential elements required to convict him of violating 18 U.S.C. § 922(g)(8). Specifically, Hill conceded that, at the time of the offense, he knew (1) that he possessed a firearm, and (2) that he was subject to a protective order issued by an Oklahoma state court. *See United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021) (outlining essential elements of § 922(g)(8) violation). Further, nothing in the record provides a viable basis for an affirmative defense to the § 922(g)(8) charge.

Turning to Hill's sentence, Hill's counsel asserts in his *Anders* brief that this court "may want to review whether . . . Hill's within guideline sentence was procedurally or substantively unreasonable." Aplt. Br. at 1. In terms of procedural

5

reasonableness, we note that the Guidelines calculations were straightforward and not disputed by either party. And, because Hill did not challenge the district court's calculation of his advisory Guidelines sentencing range, any procedural challenges that he might raise on appeal would be subject to review only for plain error. *See United States v. Ruby*, 706 F.3d 1221, 1225–26 (10th Cir. 2013). As a result, we conclude that Hill cannot raise a non-frivolous challenge to the procedural reasonableness of his sentence.

As for substantive reasonableness, that "addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Miller*, 978 F.3d 746, 753 (10th Cir. 2020). A within-Guidelines sentence, such as the one imposed by the district court in this case, is presumed to be substantively reasonable. *United States v. Henson*, 9 F.4th 1258, 1288 (10th Cir. 2021). Having examined the record, including the PSR and the transcript of the sentencing hearing, nothing persuades us that Hill could make a non-frivolous argument that could overcome this presumption of reasonableness.

III

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6