FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAYON L. WILLIAMS,

    Defendant - Appellant.

No. 22-3007
(D.C. No. 6:15-CR-10181-JWB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON** Circuit Judges.

_____

Defendant Trayon Williams pleaded guilty in 2016 to one count of being a

felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Williams was sentenced to a term of imprisonment of forty months, to be followed by

a three-year term of supervised release. After completing his term of imprisonment

and beginning his term of supervised release, Williams was found by his probation

officer to be in possession of a firearm. Williams ultimately admitted to possessing

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the firearm.  Based upon that admission, the district court revoked Williams'

supervised release and ordered him to serve a revocation sentence of twenty-four

months' imprisonment.

Williams now appeals from that revocation sentence.  His appointed counsel

has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that

there are no non-frivolous grounds on which Williams can appeal.  Williams' counsel

also moves to withdraw.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

agree with Williams' counsel that the record contains no non-frivolous grounds on

which Williams can appeal.  As a result, we grant counsel's motion to withdraw and

dismiss the appeal.

I

In 2016, a federal grand jury returned a superseding indictment charging

Williams with three criminal counts arising out of his conduct on December 1, 2015:

(1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2); (2) being a felon in possession of ammunition, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) possession of marijuana, in violation of

21 U.S.C. § 844(a).  In August 2016, Williams pleaded guilty to the felon in

possession of a firearm charge in exchange for the government's agreement to

dismiss the remaining two charges.  Williams was sentenced on that charge to a term

of imprisonment of forty months, to be followed by a three-year term of supervised

release.  Among the mandatory conditions of supervised release were that Williams

was not to "commit another federal, state, or local crime."  ROA, Vol. I at 40.  In

addition, the standard conditions of Williams' supervised release stated, in pertinent part: "You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon." *Id*. at 41.

In March 2020, Williams completed his term of imprisonment and began his three-year term of supervised release. On November 2, 2020, Williams' former girlfriend filed a police report stating that Williams stole "a black Ruger LCP .380 handgun with a red dot sight belonging to her." *Id*., Vol. II at 57. A month later, on December 2, 2020, Williams' "probation officer became aware of a Facebook live video depicting" Williams at his residence "in possession of a small black firearm." *Id*. at 58. "This firearm was believed to be the weapon reported stolen from his previous girlfriend." *Id*. Probation officers immediately obtained and executed a search warrant for Williams' residence. During the execution of the search warrant, probation officers recovered a black Ruger LCP .380 handgun with a red dot sight. The weapon was loaded with six rounds of ammunition.

On December 3, 2020, Williams' probation officer petitioned the district court to revoke Williams' term of supervised release based upon his failure to comply with the terms of that supervised release.

On January 26, 2021, a federal grand jury indicted Williams, based upon his possession of the Ruger .380 handgun, on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On

October 18, 2021, Williams pleaded guilty to that charge and admitted that he knowingly possessed the Ruger .380 handgun on December 2, 2020.

On January 6, 2022, the district court held a hearing on the petition to revoke Williams' term of supervised release on the 2016 conviction. Williams again admitted to possessing the Ruger .380 handgun. He also admitted that he was arrested by the police for criminal possession of that firearm. Based upon Williams' admissions, the district court revoked Williams' term of supervised release on the 2016 conviction and sentenced him to a term of imprisonment of twenty-four months, with no subsequent term of supervised release.

Williams filed a timely notice of appeal from the revocation judgment.

## II

*Anders* provides that

> [i]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal . . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo to determine whether there are non-frivolous grounds for appeal. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam).

Having conducted a de novo review of the record now before us, we agree with Williams's counsel that there are no non-frivolous grounds for appeal. Because

4

Williams admitted to knowingly possessing the Ruger .380 on December 2, 2020, there is no question that he violated the express terms of his supervised release on the 2016 conviction and committed what the district court properly classified as a Grade B violation under the United States Sentencing Guidelines. *See* U.S.S.G. § 7B1.1(a)(2). In light of this Grade B violation, the district court was required by the Sentencing Guidelines to revoke Williams' supervised release. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke . . . supervised release.").

As for the revocation sentence imposed by the district court, we conclude it is both procedurally and substantively reasonable. In terms of procedural reasonableness, the district court correctly calculated that Williams, given his Grade B violation and his criminal history category of V, was subject to a revocation sentence of 18 to 24 months. *See* U.S.S.G. § 7B1.4(a) (revocation table). The district court in turn expressly "considered the nature and circumstances of the[] violations, [the] characteristics of [Williams], and the sentencing objectives required by statute" before deciding to impose a sentence at the top of that range. ROA, Vol. III at 73. As for substantive reasonableness, we apply a presumption of reasonableness to the revocation sentence imposed by the district court because it was within the range contemplated by § 7B1.4 of the United States Sentencing Guidelines. *See United States v. McBride*, 633 F.3d 1229, 1232–33 (10th Cir. 2011). And our independent review of the record does not reveal any evidence that would rebut that presumption. We therefore conclude that the revocation sentence imposed

5

by the district court was both "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation marks omitted).

III

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge