FILED
United States Court of Appeals
Tenth Circuit

July 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

UNDRAY LYNELL PERRY,

Defendant-Appellant.

No. 11-6070
(D.C. No. 5:10-CR-00114-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Undray Lynell Perry's plea agreement.

Mr. Perry pleaded guilty to possession with the intent to distribute crack cocaine

in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, Mr. Perry

"knowingly and voluntarily waive[d] his right" to "[a]ppeal or collaterally

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction," including his right to appeal or collaterally challenge "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case." Mot. to Enforce, Attach. 1 (Plea Agreement) at 5-6. The district court determined that Mr. Perry's advisory guideline range was 120 to 150 months' imprisonment and it sentenced him to 150 months' imprisonment, at the top of the range.

Notwithstanding his appeal waiver, Mr. Perry has filed a notice of appeal seeking to challenge his sentence. The government has filed this motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

We apply a three prong test to determine if an appeal waiver is enforceable, asking "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F. 3d at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory

-2-

maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted).

*Scope of the Waiver.* Mr. Perry seeks to claim on appeal that he received ineffective assistance of counsel during the plea negotiations; that the district court abused its discretion when it denied his motion to withdraw his plea agreement and when it denied his motion to substitute counsel; and that the district court erred in applying and calculating the advisory sentencing guideline. He argues these claims are outside the scope of his appeal waiver.

Mr. Perry is correct that his ineffective assistance of counsel claim is outside the scope of his appeal waiver, as we have held that "ineffective assistance of counsel claims challenging the validity of the plea or the waiver" are not waivable. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Further, ineffective assistance of counsel in connection with the negotiation of an appeal waiver can result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327. This claim, however, generally is not properly brought on direct appeal because an ineffective assistance of counsel claim must ordinarily be raised in a 28 U.S.C. § 2255 proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). "[W]e have followed this practice even when the issues on direct appeal are sufficiently developed for us to pass judgment, reasoning that we benefit from the views of the district court regarding such claims." *United States*

-3-

*v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003).  Accordingly, we decline to consider Mr. Perry's ineffective assistance of counsel claim on direct appeal.

Mr. Perry's proposed challenge to the district court's denial of his motions to withdraw his plea and to substitute counsel are attacks on his conviction, and thus are within the scope of his appeal waiver.  *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) ("'Case law makes clear that an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of an appeal waiver provision.'" (quoting *United States v. Elliott*, 264 F.3d 1171, 1174 (10th Cir. 2001) (alterations omitted)).  Mr. Perry argues that *Leon* and *Elliott* are inapposite because the withdrawal motion in those cases was not based on ineffective assistance of counsel, which is one of *Hahn*'s recognized exceptions.  We rejected this same argument in *Leon*, noting that, "[a]lthough the defendant in *Elliott* was not challenging the validity of his appeal waiver under any of the three exceptions recognized in *Hahn* . . . , that distinction does not change the conclusion that, if found to be valid following consideration of the *Hahn* factors, the appeal waiver forecloses a defendant's appeal of a denial of a motion to withdraw the plea agreement." *Leon*, 476 F.3d at 832.

Finally, Mr. Perry's proposed challenge to the district court's calculation of his sentence is clearly within the scope of his appeal waiver.  To hold the appeal waiver does not encompass alleged sentencing errors "would nullify the waiver

based on the very sort of claim it was intended to waive," *United States v. Smith*, 500 F.3d 1206, 1213 (10th Cir. 2007), and would ignore the concession in the plea agreement that the applicable guideline range is the one "determined by the Court to apply to this case," Mot. to Enforce, Attach. 1 (Plea Agreement) at 6.

*Knowing and Voluntary*. Mr. Perry contends he did not knowingly and voluntarily waive his appellate rights because the district court's Rule 11 colloquy with him, during which the court explained the waiver, was confusing and contradictory, and because the court failed to explain what rights were and were not waived. The record does not support Mr. Perry's claim. The court quite clearly and unambiguously explained the waiver to Mr. Perry:

> THE COURT: Now, the law gives you some appeal rights in this criminal case and you have those rights unless you waive them. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand, Mr. Perry, that in this plea agreement, you are waiving most of your appeal rights?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: In fact, you're waiving most of your rights to appeal the sentence that I impose in this case, do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And in this agreement you're waiving those rights even though you do not yet know what your sentence will be in this case, do you understand that?
>
> THE DEFENDANT: Yes, sir.

THE COURT:  Now, I want to look at those waivers. . . . Paragraph 8 says, in substance, that I will consider the factors provided by law in imposing the sentence in this case, and that I have the jurisdiction  and authority to impose any sentence within the maximum that [the government] mentioned a few minutes ago.

Paragraph 8 goes on to say that you do have the right to appeal the judgment and sentence imposed by the Court but that in exchange for the promises and concessions made by the government in the plea agreement, you are voluntarily giving up most of those appeal rights. Specifically, as it's set forth in paragraph 8(a), you are giving up your right to appeal or challenge in any other way any rulings made by the Court in this case.  Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT:  In paragraph 8(b) you're giving up the right to appeal or challenge in any other way the sentence imposed by the Court and the manner in which that sentence is determined, as long as it is within or below the advisory guideline range determined by the Court to apply in this case.  Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT:  Paragraph 8(b) also says, in substance, that you are acknowledging that this waiver remains in effect even if I reject one or more of the suggestions about sentencing set forth in paragraph 7. Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Finally, paragraph 8(c) says you are not waiving the right to appeal a sentence above the advisory guideline range determined by the Court to apply in this case.  Do you understand that?

THE DEFENDANT:  Yes, sir.

* * *

THE COURT:  Now, Mr. Perry, do you have any questions about these waivers?

THE DEFENDANT: No, sir.

THE COURT:  Do you agree with these waivers?

THE DEFENDANT:  Yes, sir.

Mot. to Enforce, Attach. 2 (Tr. Change of Plea Hr'g) at 14-17.

Based upon our review of the Plea Agreement and the Rule 11 colloquy, we conclude that Mr. Perry has not met his burden to demonstrate the appellate waiver was not knowingly and voluntarily entered into.  *See United States v. Anderson*, 374 F.3d 955, 958 (10th Cir. 2004).

*Miscarriage of Justice.*  Finally, Mr. Perry argues that it would be a miscarriage of justice to enforce the appeal waiver because he received ineffective assistance of counsel in the negotiation of the plea waiver and because it was not knowing and voluntarily.  As explained above, Mr. Perry's waiver was knowing and voluntary and he may bring his ineffective assistance of counsel claim in a § 2255 collateral proceeding.

In summary, based upon our review of the motion, the record and Mr. Perry's response, we conclude that Mr. Perry's proposed direct appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice.  Accordingly, we GRANT the motion to enforce the appeal

waiver without prejudice to Mr. Perry's right to file a 28 U.S.C. § 2255 motion asserting ineffective assistance of counsel in connection with the negotiation of his appeal waiver, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM