FILED
United States Court of Appeals
Tenth Circuit

June 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EULET KING,

    Defendant-Appellant.

No. 11-3259

(D.C. No. 2:09-CR-20133-JWL-19)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

_____

Defendant pleaded guilty, pursuant to a plea agreement, to Counts 1 and 8 of the Superseding Indictment. Count 1 charged conspiracy to distribute and to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii). Count 8 charged conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h). Defendant's appeal hinges on her allegation that prior to entering the plea of guilty on the day of her plea hearing, she "was taken out of her cell at the D.O.J. by a detective/witness

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the parties' briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

without benifit [sic] of counsel, was questioned, intimidated, pressured and cooerced [sic] into her plea, then offered cookies and tea." Rec. vol. 1, at 103. Defendant informed her counsel of the incident. Defendant denied knowing the detective/witness who took her out of her cell and defense counsel took no action beyond questioning Defendant about the incident. Later that day, neither Defendant nor defense counsel addressed the incident in the plea hearing. During the plea hearing, the following discussion took place:

> THE COURT: . . . Now, Miss King, . . . has anybody made any sort of promise or inducement in order to get you to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Has anyone forced or threatened you or your family or your loved ones or your friends or anything like that in any way in order to get you to plead guilty?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Are you telling me, then, that you're entering this plea of guilty freely and voluntarily?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: And that the only reason you're entering the plea of guilty to these charges is because you are, in fact, guilty of them?
> THE DEFENDANT: Yes, Your Honor.
> . . . .
>
> THE COURT: All right. Now this decision, then, to enter a plea of guilty subject to this 11(c)(1)(C) Plea Agreement is your decision and not your attorney's decision, is that correct?
> THE DEFENDANT: It is my decision.
> THE COURT: Mr. Thomas[on], do you know of any reason why Miss King should not enter a plea of guilty to the charges contained in Counts 1 and 8 of the Superceding Indictment, all subject to this 11(c)(1)(C) Plea Agreement?
> MR. THOMASON: I do not.
> THE COURT: All right. It is the finding of the Court in the case of the United States of America verses [sic] Eulet King, that the defendant is fully competent and capable of entering an informed plea; that she was competent at the time the crime charged; and that her plea of guilty is a knowing and voluntary plea supported by an independent basis in fact

- 2 -

containing each essential element of the offenses contained in Counts 1 and 8 of the Superceding Indictment.

Her plea is therefore accepted and she is now adjudged guilty of both of those felonies. Moreover, the Court is satisfied that it is appropriate for it to also accept the Plea Agreement in this case and it does so meaning that it will be bound by the sentencing recommendation of the parties.

Rec. vol. 2, at 24–26, 31–33. Defendant's plea agreement contained a provision entitled "Waiver of Appeal and Collateral Attack." Rec. vol. 1, at 96. This provision provided:

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. . . . Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Id. at 96–97. The plea agreement stated two other times that Defendant entered the plea agreement freely, voluntarily, and without coercion.

Three months after pleading guilty, Defendant filed a pro se motion, requesting, among other things, to withdraw her plea based on coercion by law enforcement and to substitute counsel based on ineffective assistance. The district court held an ex parte hearing with defense counsel and Defendant regarding Defendant's motion. Defendant told the court the following interaction with law enforcement took place:

[Someone from law enforcement] told me, well, . . . I wanted to talk to you, but I do not want these girls to hear what I'm saying to you, and he said to me, I'm about to do the paperwork for the trial, and I am here to find out if you are going to take this plea. So I'm like, take this plea? I said, where is my attorney at? He said, he's not here right now, so I'm here to see if you're going to take this plea or not. If I was you, I would take this plea. And I'm like, I guess, you know, and he [sic] like, well, take this plea. So he brought me back [to my cell].

Rec. vol. 2, at 39. The district court apparently assumed the incident took place, but found the law enforcement conduct "was nowhere near approaching coercion." Id. at 45. The court withheld judgment on whether this type of contact with law enforcement was appropriate. Because defense counsel represented Defendant, the district court denied Defendant's motion to withdraw her guilty plea. The district court told Defendant she could "pursue a motion to withdraw the plea," but there must be an adequate basis for the motion and it must be filed by defense counsel. Id. The court granted defense counsel leave to consider whether to file a motion to withdraw the plea. Defense counsel did not file such a motion. Regarding the motion to substitute counsel for ineffective assistance, the district court stated: "[Defendant], you are not entitled to a change in lawyers. There's nothing inappropriate that [defense counsel] did in this matter. He's represented you diligently and secured for you an excellent plea agreement." Id. The district court gave Defendant a choice—to proceed pro se or continue being represented by her appointed defense counsel. Defendant chose to continue being represented by her appointed defense counsel.

One month later at the sentencing hearing, defense counsel made an oral motion to withdraw as counsel based on Defendant's allegation of ineffective assistance of counsel. The district court held an ex parte hearing with defense counsel and Defendant to consider the matter. Defense counsel argued, among other things, that Defendant "believes that she should have been qualified for the safety valve, [and] that I didn't negotiate a proper plea for her." Id. at 54–55. The district court said, "In the absence of [Defendant's] willingness to cooperate and provide substantial assistance, which would

- 4 -

have opened the door on her behalf [to a sentence below the statutory minimum], I suspect that counsel's work was as good as could be anticipated." Id. at 56. The court found no basis to grant defense counsel's motion to withdraw and moved forward with sentencing. The district court sentenced Defendant to 120 months' imprisonment, which was the statutory minimum and consistent with the binding plea agreement. Defendant now appeals. The Government moves to enforce the plea agreement and the appeal waiver therein pursuant to United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

This appeal raises two issues. First, we consider whether to enforce Defendant's appeal waiver despite her claim that law enforcement coerced her to accept the plea agreement.[1] Next, we address whether Defendant's allegation of ineffective assistance of counsel can be considered on direct appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we grant the Government's motion to enforce the plea agreement and dismiss the appeal.

## I.

In determining whether to enforce an appeal waiver in a plea agreement, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." Hahn,

---

[1] Defendant argues the district court abused its discretion when it denied (1) Defendant's pro se motion to withdraw her plea; (2) Defendant's pro se motion to substitute counsel; and (3) defense counsel's motion to withdraw as counsel. We do not consider these issues on the merits because they are within the scope of the appeal waiver. See infra Part I.A.

359 F.3d at 1325. Whether to enforce an appeal waiver is a question of law we review de novo. United States v. Ibarra-Coronel, 517 F.3d 1218, 1221 (10th Cir. 2008).

A.

Under the first prong, Defendant concedes the district court's denial of her pro se motion to withdraw her guilty plea is within the scope of the appellate waiver. However, Defendant argues the district court's denial of her pro se motion to substitute counsel and defense counsel's motion to withdraw as counsel are outside the scope of the appellate waiver. "In determining a waiver's scope, we will 'strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights.'" Hahn, 359 F.3d at 1325 (brackets omitted) (quoting United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003) (en banc)).

Defendant cites United States v. Porter, 405 F.3d 1136 (10th Cir. 2005), to support her argument that a district court's denial of a motion to substitute counsel is outside the scope of an appellate waiver. Defendant's reliance on Porter is misplaced. In Porter, the defendant "knowingly and voluntarily waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence was determined," a very narrow appellate waiver. Id. at 1139. Furthermore, in Porter, we considered the effect of a guilty plea, not an appeal waiver, on the defendant's appeal from a denial of a motion to substitute counsel. Id. at 1140–41. In our case, Defendant's waiver was very broad and included "any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein." Rec. vol. 1, at 96. Defendant only reserved the right to appeal based on claims of ineffective

- 6 -

assistance of counsel and prosecutorial misconduct. In <u>Leon v. United States</u>, 476 F.3d 829, 832 (10th Cir. 2007), we acknowledged an appeal of a denial of a motion to withdraw a guilty plea is a challenge to the validity of the appeal waiver. Relying on <u>Leon</u>, we have held a defendant's "proposed challenge to the district court's denial of his motions to withdraw his plea and to substitute counsel are attacks on his conviction, and thus are within the scope of his appeal waiver." <u>United States v. Perry</u>, 432 F. App'x 728, 730 (10th Cir. 2011) (unpublished). Although we strictly construe appellate waivers and ambiguities therein, we see no validity in Defendant's argument that her pro se motion to substitute counsel and defense counsel's motion to withdraw as counsel are outside the scope of the appeal waiver. Therefore, we hold both motions are within the scope of the appeal waiver.

B.

Under the second prong, Defendant argues "her appeal waiver was not voluntary because she was coerced into accepting the plea agreement, which included the waiver." Aplt. Br. at 16.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

<u>Hahn</u>, 359 F.3d at 1325 (internal citation omitted). Defendant has the burden to establish she did not understand the waiver. <u>See</u> <u>United States v. Cudjoe</u>, 634 F.3d 1163, 1166 (10th Cir. 2011). Defendant asserts "she was coerced to take the plea by the comments and actions of the law enforcement officer who spoke to her the day of her plea hearing,

and by [defense counsel's] refusal to investigate the incident or obtain a continuance . . . [to] investigate it." Aplt. Br. at 16.  First, the district court held a hearing regarding the incident with law enforcement.  The district court determined the conduct by law enforcement "was nowhere near approaching coercion."  Rec. vol. 2, at 45.  Second, Defendant's argument regarding coercion is directly contrary to her acknowledgement during the plea hearing.  Defendant said she entered the plea of guilty, and thus the plea agreement, voluntarily and without force or threat, during the plea hearing.  See supra p. 2.  And third, Defendant acknowledged three times in her plea agreement that she entered the plea agreement voluntarily and without coercion.  Based on these facts, we conclude Defendant voluntarily and knowingly waived her appellate rights.

## C.

The third prong of the analysis requires us to determine whether enforcing the appeal waiver will result in a miscarriage of justice.  Hahn, 359 F.3d at 1327.

> Appellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

Id. (brackets in original) (quoting Elliot, 264 F.3d at 1173).  Enforcement of an appeal waiver will result in a miscarriage of justice when one of the exceptions is met.  Id. Defendant argues enforcing the waiver will result in a miscarriage of justice under the second exception of ineffective assistance of counsel and the fourth exception of being otherwise unlawful.

- 8 -

First, Defendant asserts there was ineffective assistance of counsel in connection with the negotiation of the plea agreement because defense counsel failed to investigate the incident involving a law enforcement officer prior to the plea hearing. A claim of ineffective assistance of counsel must generally be brought in a collateral proceeding, not in a direct appeal. Porter, 405 F.3d at 1144. "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." Porter, 405 F.3d at 1144; see also Hahn, 359 F.3d at 1327 n. 13. As we explain further below, the claim of ineffective assistance of counsel in this case must be brought in a collateral proceeding.

Second, Defendant argues the appeal waiver is otherwise unlawful because "she was coerced into accepting the terms of the guilty plea, including the appeal waiver" by law enforcement. Aplt. Br. at 17. To be otherwise unlawful, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Hahn, 359 F.3d at 1327 (alterations and internal quotation marks omitted). The district court found the conduct by a law enforcement officer "was nowhere near approaching coercion." Rec. vol. 2, at 45. Defendant has asserted no persuasive reasons how enforcing the appeal waiver will result in a miscarriage of justice. Consequently, she has not met her burden of proof. See United States v. Leyva-Matos, 618 F. 3d 1213, 1217 (10th Cir. 2010) (noting a "[d]efendant bears the burden to demonstrate that enforcing the waiver would result in a miscarriage of justice"). Enforcing the appeal waiver will not result in a miscarriage of justice so the appeal waiver in Defendant's plea agreement is enforceable under the Hahn analysis.

## II.

The second issue is whether Defendant's ineffective assistance of counsel claim may be considered on direct appeal. Ineffective assistance "claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. On direct appeal, the record is not developed with the purpose of showing counsel's competence, and the district court has [usually] not yet had an opportunity to consider counsel's effectiveness." United States v. Polly, 630 F.3d 991, 1003 (10th Cir. 2011) (internal quotation marks and citations omitted). To overcome the presumption that claims of ineffective assistance of counsel on direct appeal are dismissible, Defendant must show the district court's record is sufficiently developed on the issue to enable meaningful appellate review. See United States v. Trestyn, 646 F.3d 732, 741 (10th Cir. 2011).

For instance, in United States v. Hamilton, 510 F.3d 1209, 1213 (10th Cir. 2007), the defendant successfully brought a claim of ineffective assistance of counsel on direct appeal because the district court had heard testimony from both the defendant and defense counsel regarding an ineffective assistance of counsel claim. Likewise, in United States v. Carr, 80 F.3d 413, 416 n. 3 (10th Cir. 1996), the district court had held a lengthy hearing regarding ineffective assistance of counsel and made a specific finding that defense counsel had provided effective assistance. In Hamilton and Carr, we held the record had been sufficiently developed on the issue of ineffective assistance to afford meaningful appellate review on direct appeal. Hamilton, 510 F.3d at 1213; Carr, 80 F.3d at 416 n. 3. However, in United States v. Samuels, 493 F.3d 1187, 1193 (10th Cir. 2007), we determined a brief portion of the record regarding the defense counsel's motion to

withdraw based on ineffective assistance of counsel does not "completely develop[] all issues that might be brought in collateral proceedings." In <u>Samuels</u>, the record had not been sufficiently developed and we therefore did not consider the claim on direct appeal. <u>Id.</u>

In this case, Defendant filed a pro se motion to substitute counsel based on ineffective assistance of counsel. The district court heard from defense counsel and Defendant regarding Defendant's claims; however, the district court made no specific findings regarding ineffective assistance of counsel. The extent of the district court's comments regarding defense counsel's effectiveness was as follows: "[Defendant], you are not entitled to a change in lawyers. There's nothing inappropriate that [defense counsel] did in this matter. He's represented you diligently and secured for you an excellent plea agreement." Rec. vol. 2, at 45. During the sentencing hearing, defense counsel made an oral motion to withdraw as counsel based on Defendant's allegations of ineffective assistance of counsel. The district court's comments were brief: "In the absence of [Defendant's] willingness to cooperate and provide substantial assistance, which would have opened the door on her behalf [to a sentence below the statutory minimum], I suspect that counsel's work was as good as could be anticipated." <u>Id.</u> at 56. This record is insufficiently developed to afford adequate appellate review, and we therefore do not reach the merits of the ineffective assistance of counsel claim. Therefore, the Government's motion to enforce the plea agreement is GRANTED and

this appeal is DISMISSED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge