FILED
United States Court of Appeals
Tenth Circuit

August 23, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff–Appellee,

v.

EULET KING,

　　　　Defendant–Appellant.

No. 13-3160
(D.C. Nos. 2:12-CV-02676-JWL and
2:09-CR-20133-JWL-19)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Eulet King seeks a certificate of appealability ("COA") to appeal the district

court's denial of her 28 U.S.C. § 2255 motion.  We deny a COA and dismiss the appeal.

**I**

King was charged in a multi-defendant indictment with conspiracy to distribute

marijuana and commit money laundering.  Under a written plea agreement entered

pursuant to Fed. R. Crim P. 11(c)(1)(C), King pled guilty to both charges.  She admitted

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to acting as a "broker" between members of the conspiracy and marijuana suppliers, and using her bank account to disguise drug proceeds. Although King initially did not realize the scope of the conspiracy, she admitted to later becoming "aware of the overall supply based on the amounts of money that were owed."

The plea agreement provided for a sentence of 120 months' imprisonment, the statutory minimum for the marijuana offense. King agreed to waive "any right to appeal or collaterally attack any matter in connection with this prosecution, [her] conviction, or the components of the sentence to be imposed herein." She also waived "any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255." However, the agreement permitted King to pursue "subsequent claims with regards to ineffective assistance of counsel." In the agreement, King acknowledged that she "had sufficient time to discuss this case, the evidence, and this agreement with [her] attorney" and that she "has had the plea agreement read to her, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion."

At a plea hearing, King stated under oath that she had discussed the plea agreement with her attorney and was fully satisfied with counsel's performance. She acknowledged the waiver of her appellate and collateral review rights, and testified that she had not been forced or threatened and was entering her plea voluntarily. King also conceded the factual bases for the charges. The district court accepted her guilty plea.

Several months later, King filed a pro se motion to withdraw her plea. She claimed that she had been coerced into accepting the plea agreement by a detective, and that her attorney failed to investigate this incident. At an ex parte hearing on the motion, King testified that on the date of the plea hearing, a detective asked her whether she was going to accept the plea offer, and stated that he would take the offer. King told her attorney about the incident, but counsel did not take any action. The district court concluded that the alleged conduct did not rise to the level of coercion, and that counsel had behaved appropriately. The court asked whether King would prefer to proceed pro se, but she stated that she did not have any problem with her attorney. Because King was represented by counsel, the district court denied the pro se motion, but allowed counsel an opportunity to file a motion to withdraw the plea if he determined such a motion would be appropriate. Counsel did not file such a motion.

At sentencing, counsel moved to withdraw based on King's allegations of ineffective assistance. After hearing from counsel and King, the district court denied the motion. It imposed a sentence of 120 months. King's direct appeal to this court was unsuccessful. United States v. King, 485 F. App'x 931 (10th Cir. 2012) (unpublished).

King then filed a § 2255 motion arguing that her counsel had been ineffective, she did not knowingly and voluntarily plead guilty, and that the district court erred in denying her motion to withdraw the plea. The government moved to enforce the plea agreement. Concluding that King had voluntarily waived the right to collateral review, the district court concluded that her second and third claims were barred. It rejected her ineffective

assistance claim on the merits. The district court also denied a COA. King now seeks a COA from this court.

## II

To appeal the district court's denial of § 2255 relief, King must first obtain a COA. § 2253(c)(1)(B). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

On appeal, King argues that her counsel was ineffective in failing to discuss the plea agreement with her and for failing to require a proper finding of drug quantity at sentencing. We agree with the district court that these claims are not barred by the plea agreement, which reserved King's right to assert ineffective assistance claims. To prevail on such a claim, a defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We reject King's assertion that her attorney failed to discuss the plea agreement with her, and thus that her agreement was not knowing and voluntary. In the agreement itself and at the subsequent plea hearing, King acknowledged discussing the agreement

- 4 -

with her attorney and stated that she was satisfied with counsel's performance. As part of a thorough plea colloquy, King also testified that she understood her waiver of appellate and collateral review and acknowledged she would be sentenced to a term of 120 months. And King's allegation that a detective advised her to enter the plea falls well short of coercion. See United States v. Mitchell, 633 F.3d 997, 1002 (10th Cir. 2011) (advice to accept plea offer does not rise to the level of coercion).

We also agree with the district court's conclusion that any claimed ineffective assistance of counsel at sentencing was not prejudicial. Because the parties agreed to a 120-month sentence in a Fed. R. Crim P. 11(c)(1)(C) plea agreement, that sentence was "bind[ing on] the court once the court accept[ed] the plea agreement." Id.; see also United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005) (agreement to specific sentence under Rule 11(c)(1)(C) is binding once court accepts plea agreement). Because the district court had accepted the Rule 11(c)(1)(C) plea agreement—which was supported by a proper factual basis—King would have received the agreed-upon sentence regardless of counsel's actions.

### III

We **DENY** a COA and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge