**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTOPHER MICHAEL WHITAKER,
SR., a/k/a Unc,

    Defendant - Appellant.

No. 20-7050
(D.C. No. 6:19-CR-00034-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Christopher Michael Whitaker, Sr., pled guilty to possession with intent to

distribute methamphetamine, and was sentenced to 125 months of imprisonment. His

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

plea agreement contained a waiver of appellate rights. Mr. Whitaker's counsel nonetheless filed a notice of appeal and challenged Mr. Whitaker's sentence.

In its response brief, the Government argued that Mr. Whitaker waived his right to appeal his sentence. Mr. Whitaker's counsel then filed a reply brief in accordance with *Anders v. California*, 286 U.S. 738 (1967). It stated that the appeal waiver is valid and enforceable and that Mr. Whitaker has no meritorious issue to appeal. Defense counsel also moved to withdraw.

We agree with the parties that the appeal waiver is valid, and we enforce it against Mr. Whitaker. Further, after a careful review of the record as required by *Anders*, we find no non-frivolous grounds for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss this appeal.

## I. BACKGROUND

### A. *Plea and Sentence*

In 2019, Mr. Whitaker entered into a plea agreement in which he agreed to plead guilty to a one-count information charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The agreement contained a "waiver of appellate and post-conviction rights." ROA, Vol. I at 80. Among other rights, he "waive[d] the right to directly appeal the conviction and sentence." *Id.* But he "reserve[d] the right to appeal from a sentence which exceeds the statutory maximum." *Id.* The district court accepted his plea.

The district court sentenced Mr. Whitaker to a within-Guidelines sentence of 125 months in prison, 4 years of supervised release, and a $100 special assessment.

## B. *Appeal*

Mr. Whitaker timely filed a "Notice of his Intent to Appeal his conviction and sentence in this case." *Id.* at 210. His opening brief argued the Government "waived Mr. Whitaker's waiver of appeal" because it had not moved to enforce the waiver. *See* Aplt. Br. at 8. He further argued "the district court violated Mr. Whitaker's due process rights and otherwise erred by enhancing his sentence without sufficient factual basis in the record." *Id.* at 9.

In its response brief, the Government argued that Mr. Whitaker's "appeal must be dismissed because he knowingly and voluntarily waived the right to appeal his conviction and sentence as part of his written plea agreement." Aplee. Br. at 7. It also noted that it could enforce the waiver either by motion or in its response brief.

In reply, Mr. Whitaker's counsel conceded that Tenth Circuit law "permit[s] the government to seek enforcement of the appeal waiver by way of its brief." Aplt. Reply Br. at 1. And he "conclu[ded] that the appeal waiver at issue here is enforceable." *Id.* at 3. He further determined that "there are no non-frivolous issues for review in this appeal." *Id.* at 1. The reply brief thus was submitted "in accordance with counsel's

3

obligations under the Supreme Court's decision in *Anders v. California*, 386 U.S. 738

(1967)." *Id.*

Defense counsel served a copy of the *Anders* reply brief on Mr. Whitaker by mail.

*See* Aplt. Reply Br. at 10 (certificate of service).  In addition, the Clerk's office mailed an

order to Mr. Whitaker notifying him of the filing of the *Anders* brief, directing service on

him of the order and the briefs, and inviting him to respond by April 30, 2021.  Doc. No.

10819144 at 1-3; *see United States v. Leon*, 476 F.3d 829, 831 (10th Cir. 2007) (per

curiam) ("The defendant may choose to submit arguments to the court in response [to an

*Anders* brief].").[1]  Mr. Whitaker has not responded.[2]

## II.  **DISCUSSION**

*Anders* provides:

> [I]f counsel finds [the defendant's] case to be wholly
> frivolous, after a conscientious examination of it, he should so

---

[1] The docket notes the Clerk's office sent the material by certified mail with tracking number 7016 1370 0000 6316 1406.  *See* Doc. No. 10819144.  The publicly available record on the USPS website shows this letter was "Delivered to Agent for Final Delivery" on April 5, 2021, *see* USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLab els=70161370000063161406%2C%2C&tABt=false (last accessed July 1, 2021), a fact of which we may take judicial notice, *see O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); Fed. R. Evid. 201(b), (b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it:  . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

[2] The Clerk's order notifying Mr. Whitaker of the filing of the *Anders* brief observed his counsel had not moved to withdraw.  *See* 10th Cir. R. 46.3(B), 46.4(A).  Mr. Whitaker's counsel has since moved to withdraw.

4

advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal . . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744.

When counsel submits an *Anders* brief, we "conduct[] an independent review and examination" of the record de novo to determine whether there are non-frivolous grounds for appeal. *See Leon*, 476 F.3d at 832.

This appeal turns largely on whether the waiver of appeal in the plea agreement is valid and enforceable. It is, and thus precludes Mr. Whitaker from presenting the arguments in his opening brief. Further, we have detected no non-frivolous arguments that fall outside the appellate waiver.

### A. *Appeal Waiver — Standard of Review and Legal Background*

"Whether a defendant's appeal waiver set forth in a plea agreement is enforceable is a question of law we review de novo." *United States v. Ibarra-Coronel*, 517 F.3d 1218, 1221 (10th Cir. 2008).

In determining whether to enforce an appeal waiver, we conduct a "three-prong analysis" and ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of

justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

The Government may move to enforce an appeal waiver either by a motion or in its merits brief. *See* 10th Cir. R. 27.3(A)(1)(d) (stating that the government may file "a motion . . . to enforce an appeal waiver"); *id.* 27.3(A)(3)(c) ("Failure to file a timely motion to enforce an appeal waiver does not preclude a party from raising the issue in a merits brief."); *United States v. Clayton*, 416 F.3d 1236, 1239 (10th Cir. 2005). Mr. Whitaker's counsel concedes this point in the *Anders* reply brief.

We therefore proceed to apply the *Hahn* factors to determine whether the appeal waiver is valid and enforceable and, if so, whether there are any non-frivolous appeal arguments that fall outside the scope of the waiver.

## B. *Appeal Waiver and* Anders *Analysis*

### 1. **Scope**

The sentencing issue raised in Mr. Whitaker's opening brief and any potential challenge to his conviction fall within the scope of his appeal waiver. "In determining a waiver's scope, we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Hahn*, 359 F.3d at 1325 (quotations and brackets omitted). But we "will hold a defendant to the terms of a lawful plea agreement." *Id.* (quotations omitted).

In his plea agreement, Mr. Whitaker unambiguously "waive[d] the right to directly appeal the conviction and sentence," only "reserv[ing] the right to appeal from a sentence which exceeds the statutory maximum." ROA, Vol. I at 80. His prison sentence falls far

short of the statutory maximum of 40 years and is therefore within the scope of the appeal waiver. *See* 21 U.S.C. § 841(b)(1)(B).[3]

### 2. **Knowing and Voluntary**

Mr. Whitaker knowingly and voluntarily waived his appeal rights. In assessing this factor, "[f]irst, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (citation omitted).

First, the plea agreement contains "knowing and voluntary" language. On the first page, it states, "The defendant agrees to voluntarily plead guilty . . . ." ROA, Vol. I at 77. Under the heading "WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS," it states, "the defendant knowingly and voluntarily agrees and understands the" waivers. *Id.* at 80. Mr. Whitaker initialed these pages.

The conclusion of the waiver section states:

> The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained

---

[3] His period of supervised release and his special assessment also do not exceed the statutory maximum. *See* 18 U.S.C § 3559(a), (a)(2) (defining an offense with a "maximum term of imprisonment" of "twenty-five years or more, as a Class B felony"); *id.* § 3583(b), (b)(1) (stating the "authorized term[] of supervised release" is "for a . . . Class B felony, not more than five years"); *id.* § 3013(a)(2)(A) (stating the special assessment for an individual convicted of a felony is $100).

> defendant[']s trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

*Id.* at 81. Mr. Whitaker signed in full after this statement.

On the final page, under the heading "**ACKNOWLEDGMENTS**," the agreement states:

> I have read this agreement and carefully reviewed every part of it with my attorney. *I fully understand it and I voluntarily agree to it without reservation.* No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

*Id.* at 88 (emphasis added). Both Mr. Whitaker and his counsel signed beneath these terms.

Second, the Rule 11 colloquy was adequate. Mr. Whitaker was represented by counsel. The district court found "that Mr. Whitaker [wa]s mentally competent to understand and appreciate the charges against him and the nature and the consequences of th[e] proceeding." *Id.* at 117. It reviewed the charges and possible penalties, discussed an estimate of the sentence under the United States Sentencing Guidelines, and explained that the court would not be required to follow them. The court confirmed that Mr. Whitaker's "plea of guilty [was] made voluntarily and completely of [his] own free

choice," *id.* at 124, and ensured that Mr. Whitaker understood he was waiving some of his constitutional rights, including the right to a jury trial.

The district court reviewed the terms of the plea agreement with Mr. Whitaker, who confirmed that he had read the plea agreement before signing and had talked with his lawyer about anything in the agreement he did not understand. The court explained that Mr. Whitaker could not "come back some day and say that it didn't happen or it happened some other way" and that he was "waiving [his] right to appeal [his] sentence." *See id.* at 130.[4] It reviewed the factual basis of Mr. Whitaker's plea and found that Mr. Whitaker was competent to appreciate the import of his acts.

Before accepting Mr. Whitaker's guilty plea, the court finally concluded:

> Mr. Whitaker, based on your admissions, your demeanor and your clear and responsive answers to my questions, the Court finds that there is a factual basis for your plea of guilty and that your plea of guilty is made voluntarily and with your

---

[4] Mr. Whitaker's counsel stressed that they had reviewed these waivers at length:

> [Mr. Whitaker] and I have reviewed specifically . . . these waivers, Your Honor. These are very important. And I spend more time on that than anything else. They have to understand what they are giving up. Waiver of Appellate and Post-Conviction Rights, Waiver of Departure and Variance Rights. Of course, [Mr. Whitaker] didn't really know too much about that once we got into this thing. We spent a lot of time going over it. He understands it. I've worked really hard to make sure that this is engrained in him. What you are giving up, . . . and what you can't do and what you don't have if you do this plea agreement. So the appellate and post-conviction rights were important.

ROA, Vol. I at 127. The court verified that Mr. Whitaker agreed with his counsel's statement.

9

> understanding of the charges against you and with your knowledge of the consequences of your plea.

*Id.* at 136-37. Thus, Mr. Whitaker knowingly and voluntarily waived his right to appeal.

## 3. **Miscarriage of Justice**

Enforcing Mr. Whitaker's appeal waiver will not result in a miscarriage of justice. "[E]nforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations" we have "enumerated." *Hahn*, 359 F.3d at 1327; *see also United States v. Shockey*, 538 F.3d 1355, 1357 (10th Cir. 2008) ("[T]hat list is exclusive."). These situations are "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (brackets in original) (quotations omitted).

Mr. Whitaker's counsel does not argue that any of these exceptions apply here. Nor has our independent examination of the record revealed that any apply.

\* \* \* \*

In sum, the appeal waiver is enforceable here and precludes the sentencing argument raised in the opening brief. In addition, after conducting "a full examination of all the proceedings," we can identify no other grounds for appeal of Mr. Whitaker's conviction or sentence that are not "frivolous." *See Anders*, 386 U.S. at 744.

10

## III.  **CONCLUSION**

Mr. Whitaker's appeal waiver is valid, and we enforce it against him, thus precluding our review of the issues raised in his opening brief.  Moreover, our independent review revealed no non-frivolous grounds for reversal.  We thus grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge