**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

————————————————————

FILED
**United States Court of Appeals
Tenth Circuit**

**January 20, 2022**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

TRAVIS PRYCE,

   Defendant - Appellant.

No. 21-5046
(D.C. No. 4:20-CR-00329-CVE-1)
(N.D. Okla.)

————————————————————

**ORDER AND JUDGMENT***
————————————————————

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
————————————————————

   Travis Pryce pled guilty to a child pornography offense and was sentenced. His

counsel submitted an *Anders* brief stating this appeal presents no non-frivolous grounds

for reversal. After careful review of the record, we agree. Exercising jurisdiction under

28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

---

   * After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

## I. BACKGROUND

Execution of a search warrant at Mr. Pryce's home led to seizure of computers and digital storage media containing about 2,930 images of child pornography. He admitted to downloading and distributing child pornography through a file sharing program.

Mr. Pryce pled guilty without a plea agreement to one count of knowingly distributing and receiving child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). At sentencing, the court calculated an advisory Guidelines range of 121 to 151 months. After considering the sentencing factors under 18 U.S.C. § 3553(a), the court sentenced Mr. Pryce to 121 months in prison and 10 years of supervised release.

Mr. Pryce, through counsel, filed a timely notice of appeal. His counsel then filed an opening brief invoking *Anders v. California*, 386 U.S. 738 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The *Anders* brief here addresses whether there are any non-frivolous arguments to challenge the guilty plea or the sentence. It concludes there are no such arguments.

On the guilty plea, the brief states that because Mr. Pryce did not seek to withdraw his plea, appellate review is for plain error. The change of plea transcript shows that the district court complied with Federal Rule of Criminal Procedure 11 in accepting Mr. Pryce's plea. In the plea colloquy, the court confirmed that Mr. Pryce knowingly, voluntarily, and competently understood the rights he was waiving and the consequences of pleading guilty.

On the procedural reasonableness of the sentence, the brief states that because Mr. Pryce did not object to the district court's calculation of the Guidelines range, appellate review is for plain error. Counsel has checked the court's calculation and discerns no arguable plain error. On the sentence's substantive reasonableness, counsel notes that Mr. Pryce's sentence was presumptively reasonable because it fell at the low end of the Guidelines range. He finds no basis to overcome the presumption.

This court's clerk's office sent the *Anders* brief to Mr. Pryce and invited him to respond. He did not do so.

## II. DISCUSSION

*Anders* provides that:

> [I]f counsel finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . [T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we review the record de novo. *See United States v. Leon*, 476 F.3d 829, 832 (10th Cir. 2007) (per curiam).

Based on our de novo review of the record, we conclude that none of the issues addressed in the *Anders* brief has merit. We have not detected any other non-frivolous issue.

On the guilty plea, Mr. Pryce did not object to the district court's conduct of the Rule 11 change of plea hearing, nor did he ask to withdraw his plea. The *Anders* brief

3

thus correctly advises that Mr. Pryce may challenge the plea only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v Carillo*, 860 F.3d 1293, 1300 (10th Cir. 2017). We have reviewed the change of plea transcript and find it reveals no error under Rule 11. The court addressed Mr. Pryce in open court to inform him of the charge; the statutory range of punishment and potential fines, special assessments, forfeiture, and restitution; the court's obligation to calculate an applicable advisory Guidelines range and to consider the sentencing factors under 18 U.S.C. § 3553(a); and the waiver of his rights, including his trial rights, by pleading guilty. The court determined that Mr. Pryce understood the foregoing. It also addressed Mr. Pryce to determine that his plea was voluntary. The court further determined there was a factual basis for the plea. *See* ROA, Vol. 2 at 6-36. The record demonstrates compliance with Rule 11 and that his plea was "a voluntary and intelligent choice among the alternative courses of action" available. *United States v. Muhammad*, 747 F.3d 1234, 1239 (10th Cir. 2014) (quotations omitted). We see no ground on which Mr. Pryce could allege error, let alone plain error.

On the sentence, the *Anders* brief again correctly states that appellate review of procedural reasonableness must be for plain error because Mr. Pryce did not challenge the calculation of the Guidelines range or otherwise object on the ground of procedural error. *See United States v. Henson*, 9 F.4th 1258, 1289 (10th Cir. 2021); *United States v. Martinez-Barragan*, 545 F.3d 894, 899 (10th Cir. 2008). We have reviewed the sentencing record, including the sentencing transcript. We discern no plain error—indeed, no error—in the court's Guidelines calculation, consideration of the § 3553(a)

4

factors, or explanation of the sentence. *See* ROA, Vol. 2 at 37-52. On substantive reasonableness, because the court chose 121 months—the bottom end of the Guidelines range—the sentence is presumptively reasonable. *See United States v. Durham*, 902 F.3d 1180, 1238 (10th Cir. 2018); *United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). We see no basis on which Mr. Pryce could overcome that presumption. *See United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).[1]

### III. CONCLUSION

Our independent review of the record found no non-frivolous ground for reversal based on the issues raised in the *Anders* brief. Nor have we uncovered any other non-frivolous arguments for appeal. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[1] The *Anders* brief also concluded that the term and conditions of supervised release are not open to a non-frivolous appellate challenge. We agree.